**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RON LOPEZ and CHRISTIE LOPEZ**                                        **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 4:10CV55TSL-LRA**

**ARTHUR L. STURDIVANT; SHELTER
INSURANCE COMPANY; and DOE
DEFENDANTS, INDIVIDUALS and
CORPORATIONS 1-10**                                        **DEFENDANTS**

---

**MEMORANDUM BRIEF IN SUPPORT OF SHELTER INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT ON BAD FAITH CLAIM**

Defendant Shelter Mutual Insurance Company (incorrectly sued as "Shelter Insurance Company") moved the Court for summary judgment on Ron Lopez's and Christie Lopez's bad faith claim pursuant to Rule 56 of the Federal Rules of Civil Procedure.  It now submits this supporting memorandum brief.

**I.  UNDISPUTED FACTS PERTINENT TO BAD FAITH CLAIM.**

Shelter detailed the course of proceedings and undisputed facts in the memorandum brief it submitted in support of its motion for summary judgment on coverage issues.[1]  Thus, instead of detailing the same again here, Shelter sets forth only the following undisputed facts pertinent to Ron Lopez's and Christie' Lopez's bad faith claim.

After the drywall in their newly constructed home started omitting noxious odors and causing damage to the appliances and exposed metals in their home and adverse health effects to them and their children, Ron and Christie Lopez sued Shelter.  They claimed and continue to

---

[1]See Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues, Court Document No. 25 and 26.

1

claim that Shelter failed to appropriately, adequately, and timely investigate and/or adjust their insurance claim.[2]  They claimed and continued to claim that Shelter's failure was an act of bad faith, and they sue Shelter for actual damages, punitive damages, and a declaration of coverage.[3]  However, as demonstrated herein and in Shelter Insurance Company's Motion for Summary Judgment on Bad Faith Claim, Shelter's Motion for Summary Judgment on Coverage Issues, and Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues, Shelter has no contractual obligation to the Lopezes with regard to their Chinese drywall claim.  Thus, since Shelter has no contractual obligation to the Lopezes with regard to their claim, it cannot be held liable under Mississippi law to them for either contractual or punitive damages.  Since it cannot be held liable to the Lopezes for either contractual or punitive damages, Shelter is, at a matter of law, entitled to summary judgment on the Lopezes' bad faith claim.

---

[2]See Complaint (pp. 5-17 of Attachment 1 to Notice of Removal, Court Document No. 1) at ¶¶ 12, 28, 29, 47, 61.  The Lopezes claim that, after learning that their home had been constructed with defective Chinese-manufactured, drywall, they submitted an insurance claim to Shelter under their homeowners' policy.  See Complaint (pp. 5-17 of Attachment 1 to Notice of Removal, Court Document No. 1) at ¶ 12.  Shelter, however, denies that the Lopezes submitted an insurance claim and asserts that the Lopezes' lawsuit was its first notice of a claim.  See Separate Answer and Affirmative Defenses of Shelter [hereinafter "Shelter's Answer"], Court Document No. 4, at  ¶¶ 12, 28, 29, 47, 61 and at Affirmative Defense No. 5.  In either event, whether the Lopezes submitted a claim to Shelter prior to filing suit against Shelter is immaterial for summary judgment purposes.

[3]See Complaint (pp. 5-17 of Attachment 1 to Notice of Removal, Court Document No. 1) at p. 12, Prayer for Relief.  The declaration on coverage issues is subject of Shelter's Motion for Summary Judgment on Coverage Issues.  See Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues and Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues (Court Document Nos. ___ and ___).

## II.  LEGAL ARGUMENTS AND AUTHORITIES.

### A.  STANDARD FOR IMPOSITION OF SUMMARY JUDGMENT.

Summary judgment should be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U. S. 317, 322 (1986).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U. S. 317, 322.  Importantly, under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, a party against whom a motion for summary judgment is brought may not merely rest upon his pleadings or upon mere allegations or denials but, rather, must, by affidavit or as otherwise provided by Rule 56, inform the court of specific facts demonstrating that there is a genuine issue for trial.  Celotex, 477 U. S. at 324.

In this case, there is no genuine issue of material fact.  Rather, it is clear, as set forth below, that the homeowners' insurance policy which Shelter issued to Ron T. Lopez affords no coverage for the Lopezes' losses resulting from the defective Chinese drywall which Arthur L. Sturdivant used in the construction of the home he built and sold them.  Because the policy does not afford coverage, the Lopezes cannot prevail on their bad faith claim against Shelter.  Further, because the Lopezes  cannot prevail on their bad faith claim against Shelter, then Shelter is, as a matter of law, entitled to summary judgment on said claim.

### B.  SHELTER IS ENTITLED TO SUMMARY JUDGMENT.

It is an elementary principle of Mississippi law that an insured seeking to recover on a

claim of bad faith must first establish the existence of coverage on the underlying claim.  Stubbs
v. Mississippi Farm Bureau Casualty Ins. Co., 825 So. 2d 8, ¶ 18 (Miss. 2002) (citing USF&G
Co. v. Wigginton, 964 F.2d 487, 492 (5th Cir. 1992) (applying Mississippi law)).  Stated another
way, a finding of coverage on the underlying claim is a necessary predicate under Mississippi
law to maintaining a punitive damage claim against an insurer for bad faith handling of a claim.
Sobley v. Southern Natural Gas Co., 210 F.3d 561, 564 (5th Cir. 2000) (applying Mississippi law
and citing McCain v. Northwestern Nat'l Ins. Co., 484 So 1001, 1002 (Miss. 1986)).  The
Lopezes have not and, as set forth below, cannot establish the existence of coverage on the
underlying claim.  Accordingly, Shelter is entitled to summary judgment on the Lopezes' bad
faith claim.

   **1.  The Homeowners' Policy Affords No Coverage.**

   The homeowners' policy Shelter issued Ron T. Lopez only affords property protection
for "accidental direct physical loss" to his and his wife's home.[4]  It is the Lopezes' burden to
prove "accidental direct physical loss" to their home.  See Corban v. United Services Auto.
Ass'n, 20 So. 3d 601, ¶¶ 50-51 (Miss. 2009); Lunday v. Lititz Mut. Ins. Co., 276 So. 2d 696, 699
(Miss. 1973); see also Leonard v. Nationwide Mut. Ins. Co., 438 F. Supp. 684, 694 (S. D. Miss.
2006) (applying Mississippi law).  However, as detailed in the Memorandum Brief in Support of
Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues, the Lopezes
have not and cannot prove "accidental direct physical loss" to their home.[5]  They have not and

---

   [4]See policy, Exhibit "A" to Motion for Summary Judgment on Coverage Issues at Section
I - Property Protection, Coverage A - Dwelling, Insuring Agreements, p. 11, ¶ 1.(a).

   [5]See Memorandum Brief in Support of Shelter Insurance Company's Motion for
Summary Judgment on Coverage Issues.

cannot prove "loss of possession of, or actual physical damage to, a part of the covered property which is caused by an 'accident'."[6]

The Lopezes have not even alleged an "accident."  They have not even alleged an action or occurrence that "started abruptly."[7]  Rather, they have alleged that STURDIVANT used defective Chinese manufactured drywall in the construction of their home in 2007 and that by 2009 they "began experiencing unexplained noxious odors in the home, adverse health effects, and damage to appliances and exposed metals in the home."[8]  Clearly, the Lopezes' allegation of installation of defective drywall in 2007, which resulted in the manifestation of noxious odors, adverse health effects, and the uninhabitability of their home two years later in 2009, does not constitute an action or occurrence that "started abruptly."  See arguments and authorities detailed in Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues.

In short, the loss subject of the Lopezes' Complaint, like the losses subject of Tinucci v. Allstate Ins. Co., 487 F. Supp. 2d 1058, 1059 (D. Minn. 2007) and Harmon v. Safeco Ins. Co., 24 Kan. App. 2d 810, 954 P.2d 7 (1998),  was neither sudden nor abrupt.[9]  It was not the result of

_____

[6]See policy, Exhibit "A" to Motion for Summary Judgment on Coverage Issues at Definitions Used Throughout This Policy, pp. 2-3, ¶ 2.

[7]See Complaint (pp. 5-17 of Attachment 1 to Notice of Removal, Court Document No. 1).

[8]See Complaint (pp. 5-17 of Attachment 1 to Notice of Removal, Court Document No. 1) at ¶9.

[9]For a detailed discussion and analysis of  Tinucci v. Allstate Ins. Co., 487 F. Supp. 2d 1058, 1059 (D. Minn. 2007) and Harmon v. Safeco Ins. Co., 24 Kan. App. 2d 810, 954 P.2d 7 (1998), see Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues.

some outside action, occurrence, or outside force.  Rather, it was caused by an inherent defect or tendency in the drywall just like the loss in <u>Tinucci</u> was caused by original construction defects and just like the loss in <u>Harmon</u> was caused by an inherent defect or tendency within the opals.[10] Clearly, the Lopezes, like the insureds in <u>Tinucci</u> and <u>Harmon,</u>  have failed to establish that the damage they claim was an "accidental direct physical loss." [11]

**2.  The Homeowners' Policy Excludes Coverage.**

As demonstrated above, coverage has not been triggered under the insuring language of Shelter homeowners' policy.  However, even if coverage had been triggered under the policy's insuring language, such coverage would  nevertheless be excluded under two policy exclusions - - exclusion 10 and exclusion 19.  These exclusions exclude coverage for loss or damage caused by "latent defect[s]" and "contamination." and for loss or damage caused by "any defect, inadequacy, fault, unsoundness or weakness in material used in construction."[12]  A careful reading of the Lopezes' Complaint indicates the material (that is, the Chinese-manufactured drywall) which Sturdivant used in the construction of their home was defective.[13]  It indicates the

---

[10]<u>See</u> detailed discussion and analysis of <u>Tinucci v. Allstate Ins. Co.</u>, 487 F. Supp. 2d 1058, 1059 (D. Minn. 2007) and <u>Harmon v. Safeco Ins. Co.</u>, 24 Kan. App. 2d 810, 954 P.2d 7 (1998) set forth in Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues.

[11]<u>See</u> footnote 11 <u>supra</u>.

[12]<u>See</u> Policy, Exhibit "A" to Motion for Summary Judgment on Coverage Issues at Exclusions Applicable to Coverage A & B, p. 13, ¶ 10 and p. 14, ¶ 19(a).

[13]<u>See</u> Complaint (pp. 5-17 of attachment 1 to Notice of Removal, Court Document No. 1) at ¶¶ 9, 10, 19, 23, 33.

material contained a latent defect and contaminants.[14]

---

[14]<u>See</u> Complaint (pp. 5-17 of attachment 1 to Notice of Removal, Court Document No. 1) at ¶¶ 9, 10, 19, 23, 33.

Significantly, the Lopezes' own pleading indicates the drywall contained a latent defect and contaminants which caused the damages about which they complain.[15]  It indicates the material (i.e., Chinese-manufactured drywall) used for construction was defective, inadequate, faulty, unsound and weak.[16]  The Lopezes' alleged damages would not have occurred in the absence of the defective drywall.  Therefore, both policy exclusion 10 and policy exclusion 19(a) apply to bar coverage for all of the Lopezes' claims.[17]

### III.  CONCLUSION.

As set forth herein and in its Motion for Summary Judgment on Bad Faith Claim, Shelter is clearly entitled to judgment as a matter of law on the Lopezes' claim for bad faith.  First and importantly, the Lopezes have not and cannot establish the existence of coverage under the homeowners' policy, a necessary predicate under Mississippi law to maintaining their bad faith lawsuit against Shelter.

Second, and though it is the Lopezes' burden to establish coverage, Shelter has clearly demonstrated that coverage simply is not afforded for the Lopezes' losses caused by the defective drywall.  The homeowners' policy only affords coverage for "accidental direct physical loss."  However, as demonstrated herein, there was no such loss.  Rather, the Lopezes' loss was from original construction defects which caused damages over time.

---

[15]See Complaint (pp. 5-17 of attachment 1 to Notice of Removal, Court Document No. 1) at ¶¶ 9, 10, 19, 23, 33.

[16]See Complaint (pp. 5-17 of attachment 1 to Notice of Removal, Court Document No. 1) at ¶¶ 9, 10, 19, 23, 33.

[17]For a more detailed discussion of the applicability of these exclusions and for discussion and analysis of a case factually analogous and right on point (i.e., Travco Insurance Company v.. Ward,, 2010 WL 2222255 (E. D. Va. June 3, 2010)) see Memorandum Brief in Support of Shelter Insurance Company's Motion for Summary Judgment on Coverage Issues.

Finally, even if the Lopezes had established an "accidental direct physical loss," the policy's exclusions for latent defects, contamination and faulty materials would nevertheless bar coverage.

For all of these reasons, Shelter respectfully submits that its Motion for Summary Judgment on Bad Faith Claim is well-taken and should be granted.

This 5th day of November, 2010.

**SHELTER MUTUAL INSURANCE COMPANY**

By:    /s/ R. BRADLEY BEST

R. BRADLEY BEST, MSB # 10059

**OF COUNSEL:**

HOLCOMB DUNBAR
*A Professional Association*
400 South Lamar, Suite A
Post Office Drawer 707
Oxford, Mississippi 38655
Tel. (662) 234-8775

V. K. Smith, III, Esq.
BRYAN NELSON
Post Office Box 18109
Hattiesburg, Mississippi 39404-8109

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5th, 2010, I caused the foregoing to be electronically

filed with the Clerk of the Court using the ECF system which sent notification of such filing via

electronic mail to the following counsel of record:

**Carroll H.  Ingram**
**Jennifer Ingram Wilkinson**
**jennifer@ingramlawyers.com**
**Ingram|Wilkinson, PLLC**
**P.O. Box 15039**
**Hattiesburg, MS 39404**

**John F.  Hawkins**
**Hawkins, Stracener & Gibson, PLLC**
**john@hsglawfirm.net**
**P.O. Box 24627**
**Jackson, MS 39225**

**John Corlew**
**Corlew Munford & Smith, PLLC**
**jcorlew@cmslawyers.com**
**P.O. Box 16807**
**Jackson, MS 39236**

   /s/ R. BRADLEY BEST